343 So.2d 301 (1977)
Carney SHELMIRE
v.
Lindsey L. LINTON et al.
D. R. LINTON, Jr., et al.
v.
Richard E. DOWNEY et al.
Ludella Jiles GAINES et al.
v.
D. R. LINTON, Jr., et al.
Nos. 11089-11091.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Rehearings Denied March 21, 1977.
*303 William R. Doran, Jr., Baton Rouge, of counsel for plaintiffs-appellees in Nos. 11089 and 11090.
Walton J. Barnes, Baton Rouge, of counsel for plaintiffs-appellants Gaines, and others.
Samuel Dickens, Baton Rouge, of counsel for Lindsey L. Linton & Dewey R. Linton, Jr., appellants.
Anthony J. Clesi, Jr., Baton Rouge, of counsel for defendants Downey and State Farm Mutual Auto. Ins. Co., appellants.
Before, LANDRY, COLE and CLAIBORNE, JJ.
COLE, Judge.
These three consolidated cases arise from an automobile collision involving a 1974 Chevrolet pick-up truck driven by Richard E. Downey and a 1966 Ford automobile operated by Lindsey L. Linton. The accident occurred on Louisiana Highway 67 (Plank Road) in East Baton Rouge Parish on December 15, 1973, at approximately 8:30 P.M. The facts surrounding the accident are succinctly set forth by the trial judge as follows:
"* * * Prior to the accident, Downey was proceeding in a southerly direction down Plank Road at a speed consistent with the 60 mile per hour speed limit then prevailing. About the same time, Lindsey Linton, who was operating a car owned by his father, made a [right] turn from Rolling Acres Drive onto Plank Road when the Downey vehicle was still several hundred yards north of Rolling Acres Drive. It appears that Linton accelerated his vehicle for a short distance when he was struck from the rear by Downey's pickup truck. As a result of the impact from the collision, Linton's automobile was propelled across the western shoulder of the road, through a ditch and up into a cemetery where it finally collided with two burial vaults upon which the vehicle came to rest. The force of the collision apparently broke asunder the vaults exposing the remains of the decedents resting therein."
In Suit No. 11,089 entitled "Carney Shelmire v. Lindsey L. Linton and Richard E. Downey," the plaintiff sues the drivers of the vehicles involved in the accident for the cost of replacement of the burial vault of his father ($450.00) and for his mental anguish resulting from the exposure and reinterment of the body ($1,000.00). At the commencement of trial it was stipulated that plaintiff was the proper party to bring the action for damages to the vault. The trial judge in the above-numbered suit granted judgment in favor of the plaintiff and against both defendants in solido, for $1,200.00, representing $450.00 for the replacement of the vault and $750.00 for damages for mental anguish. Both defendants appeal. Plaintiff answers, seeking an increase of $250.00 in the amount awarded for mental anguish. We affirm.
In Suit No. 11,091 entitled "Ludella Jiles Gaines, Leola Jiles Shelmire, Jessie C. Jiles, Allen Jiles and Riley Jiles, Jr., v. D. R. Linton, Jr., and Lindsey L. Linton," the above-listed plaintiffs sued for the cost of restoration of their mother's burial site ($1,493.40) and for mental injuries arising from the destruction of the grave ($5,000.00 for each child). The defendants named in this suit were Lindsey Linton, the driver of one of the vehicles, and his father, D. R. Linton, Jr. The trial judge granted judgment against Lindsey Linton and in favor of Leola Jiles Shelmire for $750.00 for mental anguish, and in favor of Jessie Jiles for $250.00 for mental anguish. The trial judge did not award any amount for damage to or restoration of the burial site, as the plaintiffs failed to prove any loss resulting therefrom. Ludella Jiles Gaines predeceased the filing of the suit and a peremptory exception of prescription was maintained as to the substitution of her survivors as parties plaintiff. The claims of Allen Jiles and Riley Jiles, Jr., were correctly dismissed because of the failure of these parties to present any probative evidence as to their mental anguish. They did not appear at trial. Judgment was further rendered dismissing all claims against D. R. Linton, Jr., since Lindsey Linton was eighteen *304 years old at the time of the accident. Leola Jiles Shelmire and Jessie Jiles appeal, seeking an increase in the amount awarded. Allen Jiles and Riley Jiles, Jr., appeal the adverse judgment. The defendant also appeals the decision, denying any liability. We affirm.
In Suit No. 11,090 entitled "D. R. Linton, Jr., and Lindsey L. Linton v. Richard E. Downey, Clark B. McKey and State Farm Mutual Automobile Insurance Company," the plaintiffs sued for damages to the automobile and for personal injuries to the driver. The trial court rendered judgment in favor of the defendants, dismissing plaintiffs' suit. The plaintiffs appeal. We affirm.
The most serious issue on appeal concerns a factual dispute and its resulting effect upon the question of the culpability of the drivers involved in the accident. According to Downey's testimony, as he approached the Linton vehicle to within approximately three car lengths, he noticed a flash of flame and smoke sweep from under the hood over the windshield. Subsequently, he claims the car suddenly decreased its speed and weaved erratically to the right and then to the left. He asserts that as he swerved to the left to avoid hitting the Linton vehicle, it simultaneously veered in front of his vehicle causing him to strike it.
Linton, on the other hand, claims that his car did not sustain a mechanical breakdown causing him to suddenly decrease his speed or lose control of his car. To the contrary, he claims that he had no problem with the car but was struck from behind by Downey's vehicle. He claims that the collision propelled him into the cemetery, at which point his automobile caught fire.
Faced with the conflicting testimony of the drivers the trial court relied heavily upon the testimony of the investigating police officer to find that the Linton vehicle sustained a breakdown before the impact causing Linton to lose control. The officer testified that at the scene of the accident the contemporaneous statements of Linton coincided with the version of facts asserted by Downey. To further support this rendition of the facts, the police officer testified that the point of impact was partially across the center line.
The resolution of the factual dispute depends substantially upon the credibility of the witnesses; therefore, we attach much weight to the trial judge's findings of fact. After a careful review of the entire record, we have determined that the facts as found by the trial judge are correct.
Based upon the facts as found by the trial judge, it is next necessary to review the question of the negligence of the drivers of the vehicles. The "duty-risk" method for determining when actionable negligence exists has been developed and explained by a series of cases most recently culminating with Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976). See the exhaustive list of authorities cited therein. Consequently, although we adhere to the law pronounced therein, we see no need to reiterate those principles here.
First, the allegedly negligent conduct of Linton is the failure to control his vehicle, as evidenced by the sudden decrease in his rate of speed, made without warning, and the erratic movement of his car to the right and then back to the left, partially over the center line. The duty to control his vehicle, breached by Linton's action as explained above, certainly is designed to protect against the risk of being hit from the rear by even a careless or inattentive driver. Further, this duty is established to protect innocent third parties who may be damaged as a consequence of the negligent conduct.
Even if Linton seeks to extricate himself from liability by claiming that the cause of the accident was not any negligent conduct on his part, but rather a mechanical failure in his vehicle, he has failed to carry the heavy burden of the owner-operator of the vehicle of proving that he had no advance notice of the defect and that he used ordinary care to prevent such mechanical failure. Simon v. Ford Motor Company, 282 So.2d 126 (La.1973); Daniels v. Soileau, 311 So.2d 638 (La.App. 3rd Cir. 1975). We *305 note that although title to the vehicle was in the name of D. R. Linton, Jr., father of the operator, Lindsey L. Linton, this situation existed apparently because the son was not of age at the time of purchase. It is clear from the record that the son was the regular user of the vehicle and chargeable with the maintenance thereof. Any failure on his part to use ordinary care to prevent mechanical malfunction is likewise negligent conduct.
Next, Downey's liability results from the breach of his duty to follow preceding vehicles at a safe distance. Downey testified that the Linton vehicle turned onto Plank Road a safe distance ahead. He further testified that it was not until his vehicle was within three car lengths of the Linton vehicle and he noticed its difficulty that he then reduced his speed by taking his foot off the accelerator. We agree with the trial court's finding:
"* * * It is significant, in the Court's opinion, that he did not reduce the speed of his vehicle until after he observed the Linton car was in some sort of difficulty. From his testimony, it appears that he probably was still maintaining his earlier speed of 55 to 60 miles per hour by the time he had approached within three car lengths behind the preceding vehicle. By any safe measure of stopping distance, he had allowed himself an inadequate distance in which to maintain proper control over his vehicle. * * *"
The fact that Downey was perhaps confronted with a sudden emergency does not relieve him from liability, as suggested, because the duty to maintain a safe distance behind a preceding vehicle is designed to allow adequate braking time, thereby protecting against the risk that one might be confronted with such an emergency. While this duty may not be designed to protect someone whose own negligence is a contributing cause of the accident, as asserted by Downey, it certainly is designed to protect innocent third party bystanders from the risk of any damage caused by an automobile propelled as a consequence of collision. Therefore, we conclude that the duty breached by Downey was designed to protect innocent third parties against the particular risk involved in this accident.
The negligent acts of both Linton and Downey were causes in fact of the accident, in that, but for either party's negligent conduct, the accident would not have happened.
The next serious issue meriting discussion by this Court concerns assertions that the amounts awarded for mental anguish resulting from the destruction of the burial vaults and exposure of the bodies were inadequate. The trial judge awarded $750.00 each to the parties who testified that they viewed the destroyed burial vaults and the remains of their respective parents and were upset by the experience. Two hundred and fifty dollars was awarded to the descendant who testified that he knew of the accident but did not view the remains. While we consider these amounts to be low, given the nature of the damages, we are not inclined to increase the awards, because of the great discretion accorded the trial judge in such matters. Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976), and the authorities cited therein.
Accordingly, for the reasons expressed herein, we affirm the judgments of the trial court in Suit Nos. 11,089, 11,090 and 11,091. The costs of these proceedings are to be assessed one-third to appellant, Richard E. Downey; one-third to appellants, D. R. Linton, Jr., and Lindsey L. Linton; and onethird to appellants, Leola Jiles Shelmire, Jessie C. Jiles, Allen Jiles and Riley Jiles, Jr.
AFFIRMED.