626 So.2d 721 (1993)
PELICAN PUBLISHING COMPANY
v.
Justin WILSON and Justin Wilson & Associates, Inc.
No. 93-CA-231.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 1993.
*722 Joey Marullo, Adams & Reese, New Orleans, R. Eddie Wayland, Nora T. Cannon, E. Andrew Norwood, King & Ballow, Nashville, TN, for appellant/plaintiff Pelican Pub. Co.
J. William Starr, John M. Mamoulides, Marion F. Edwards, Gretna, for appellees/defendants Justin Wilson and Justin Wilson & Associates, Inc.
Before GOTHARD and CANNELLA, JJ., and THOMAS F. DALEY, J., pro tem.
CANNELLA, Judge.
Plaintiff, Pelican Publishing Company (Pelican), appeals from the district court judgment in favor of defendants, Justin Wilson and Justin Wilson and Associates, Inc. (Wilson), granting defendants' exception of no cause of action and dismissing plaintiff's lawsuit. For the reasons which follow, we affirm.
On May 14, 1986, Pelican and Wilson entered into a book publishing contract, which is the subject of this litigation. The contract, similar to the six prior contracts that the parties had entered, was for the publication of a book entitled Justin Wilson's Louisiana Outdoor Cookin. The contract included many of the customary trade clauses, including an option clause on the "next work" and a non-competition clause.
On March 30, 1990, Pelican filed suit against Wilson alleging that Wilson had violated the terms of the contract. After an exception of no cause of action was sustained, Pelican amended its petition, alleging that in May 1988 Wilson acknowledged that his "next work" was a book called Justin Wilson's Homegrown Louisiana Cookin (Homegrown Cookin) and acknowledging that Pelican had an option or "right of first refusal" on that "next work" under the option clause of their contract. Despite this, Wilson had already, in March 1988, allegedly entered into a publishing contract with another publisher in violation of the option clause and the non-competition clause contained in the contract and further in violation of the implied covenant of good faith and fair dealings found in all Louisiana contracts.
Wilson again filed an exception of no cause of action arguing that the two clauses in the contract upon which Pelican relies are invalid and, accordingly, that Pelican has no cause of action. The matter was heard on June 29, 1992. The trial court again granted the exception of no cause of action and dismissed Pelican's case by judgment rendered on September 23, 1992. It is from this judgment that Pelican appeals.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the *723 law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South Inc., et al, 616 So.2d 1234 (La.1993); Kuebler v. Martin, 578 So.2d 113 (La.1991); Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931. The court must review the petition and accept well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South Inc., et al, supra; Kuebler v. Martin, supra.
The two clauses in the contract upon which Pelican relies in support of its case provide as follows:
[The author] will grant to the Publisher an option on his next work. If the Publisher declines in writing to execute a publishing agreement within ninety (90) days of the receipt of the completed manuscript, the Author is under no further obligation.
* * * * * *
[The Author] will not, without the consent of the Publisher, furnish to any other publisher any work on the same subject of such extent and character as to conflict with the sale of said work.
Wilson argues, in its memorandum in support of the exception of no cause of action, that both of the above clauses are invalid. The first clause, the option clause, is invalid because it is uncertain as to the price and the terms. Wilson argues that the second clause, the non-competition clause, is invalid because it is vague and unenforceable for failure of consideration, failure to specify a time period for the non-competition and failure to limit its application to a restricted area.
Pelican argues that the lower court erred in granting Wilson's exception of no cause of action based on the invalidity of the contract clauses. Pelican argues that the first clause establishes a right of first refusal, rather than an option, and as such is valid. Pelican further argues that consideration for the non-competition clause is not properly before the court on an exception of no cause of action. And finally, Pelican argues that specificity as to time and location may be inferred under the circumstances.
After reviewing the contract it is clear that the two clauses in question lack the specificity necessary for their enforcement. An option is an elective right that, when exercised, ripens into a binding contract. It therefore must be specific as to the thing, the price and the terms, as provided in La.C.C. art. 2462. Where any of these elements are lacking there is no contract between the parties. McMikle v. O'Neal, 207 So.2d 922 (La. App. 2nd Cir.1968). In this case, the option clause is clearly void of any mention of price or even a means from which to derive the price. And, while Pelican is correct that clauses establishing a right of first refusal are exceptions to this requirement, Pelican's argument that this is a right of first refusal lacks merit. There is nothing here to indicate that a right of first refusal was created. The clause only grants Pelican an option to attempt to come to an agreement with Wilson. It does not address Pelican's right to accept or reject terms that Wilson has negotiated with another publisher. Furthermore, the clause requires Wilson to submit his work to Pelican and it requires Pelican to decline in writing. Thus, Pelican may indefinitely tie Wilson to the option by not declining... "in writing to execute a publishing agreement ..." Pelican may unilaterally keep Wilson from negotiating with another publisher. Thus, we find this clause lacks the specificity for its enforcement.
Similarly, the second clause, relied on by Pelican in support of its cause of action, the non-competition clause, lacks the essential elements necessary for its enforcement. Non-competition clauses are not favored in the law and are strictly construed against the person attempting to limit the completion. Desselle v. Petrossi, 207 So.2d 190 (La.App. 4th Cir.1968), writs denied, 209 So.2d 39 (La.1968). Also, three requirements are necessary, serious consideration, a specified time period and a restricted area. In this case the clause is too vague and broad to be enforceable. There is no specified time *724 period and no restricted area. Other clauses in the contract do not indicate what is intended and the nature of the contract does not sufficiently define what would be improper competition. As such, it is unenforceable. Desselle, supra.
The contract in question was created and provided by Pelican and any ambiguous provisions therein will be construed against Pelican. La.C.C. art. 2056. Therefore, after reviewing the contract as a whole, the petition and amended petition, we find that the contract provisions relied on by Pelican are unenforceable and that Pelican's petition, as amended, fails to state a cause of action.
Accordingly, we affirm the trial court judgment, granting Wilson's exception of no cause of action and dismissing Pelican's petition. Cost of appeal is assessed to Pelican.
AFFIRMED.