639 So.2d 843 (1994)
Lionel P. DUFOUR, Kathleen Dufour, Jason Dufour, Martin F. Dufour, and Lionel P. Dufour, as Administrator of the Estates of the Minors, Matthew Dufour and Dana Dufour
v.
WESTLAWN CEMETERIES, INC., Wallace Stevenson, Ryan Tauzin, Tim Hodge and Nancy Noveh.
No. 94-CA-81.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1994.
*844 Gary "Ted" Chapman, Amite, for appellants/plaintiffs.
*845 Burt K. Carnahan, Caroline D. Ibois, Lobman, Carnahan and Batt, Metairie, for appellees/defendants.
Before KLIEBERT, C.J., and DUFRESNE and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiffs, the heirs of the late Frances Dufour, appeal from the trial court's judgment granting an exception of no cause of action as to plaintiffs and an exception of no right of action as to Kathleen Dufour, the wife of a plaintiff. We find that plaintiffs have stated a cause of action for mental distress related to the disposition of the remains of the deceased and that plaintiff, Kathleen Dufour, has a right of action for loss of consortium. Therefore, we reverse the judgment.
On January 25, 1993, plaintiffs filed a petition against defendants for mental distress and other relief related to the disposition of the remains of Roland Dufour and Frances Dufour. Plaintiffs are Lionel Dufour, individually and on behalf of his minor children, Matthew and Dana, his major child, Jason Dufour, his wife Kathleen, and his brother, Martin Dufour, individually and on behalf of his minor daughter, Andrea Dufour. Defendants are Westlawn Cemeteries, Inc. (Westlawn) and its employees, Wallace Stevenson, Ryan Tauzin, Tim Hodge and Nancy Noveh.
Plaintiffs contend that, in 1992 Roland Dufour, the brother of plaintiffs, Lionel Dufour and Martin Dufour, died. He was to be interred in a double-sided grave containing the remains of their parents, who were buried on each side of the grave. Prior to the burial, plaintiffs assert that a relative noticed that the body of Frances Dufour, the mother of Lionel and Martin, was wrapped in a plastic bag and was lying in water. They further claim that the casket containing the remains of Roland Dufour had dropped on top of the body of Frances Dufour. Upon discovering this, Lionel Dufour contacted Westlawn, who confirmed that Frances Dufour had been removed from her casket, placed in a plastic bag and reinterred at the bottom of the grave. Plaintiffs contend that this was unjustifiable disturbance and/or wrongful disinterment and/or desecration. Plaintiffs also assert that the casket into which their mother was placed was warranted for forty years and that it could not have been so deteriorated that it could not have been returned to them or Frances Dufour's body returned to it and reburied. Plaintiffs allege that they suffered mental anguish and pain as a result of the unjustifiable disturbance and/or wrongful disinterment and/or desecration of the remains of Roland and Francis Dufour. They seek compensation for their emotional distress, for the destruction of the metal casket in which Frances Dufour was buried and/or for the failure of Westlawn to return the casket to the coping or to plaintiffs. In a separate paragraph, plaintiffs assert the claim of Kathleen Dufour, wife of Lionel Dufour, for her loss of consortium sustained as a result of the injury to her husband. In a supplemental petition, plaintiffs added the minor daughter of Martin Dufour, Andrea Dufour, as plaintiff and further requested that the court order Frances Dufour replaced in a casket comparable to the former casket and returned to the coping to rest. Ancillary to this request, plaintiffs asked that Roland Dufour be disinterred and reburied. They further requested that the court order the cemetery to disinter the remains of their father and grandfather, Rosamond Dufour, for inspection. Finally, plaintiffs ask that the heirs be allowed to view the disinterments to insure that the orders are carried out with dignity.
On July 29, 1993, defendants filed a Peremptory Exception Of No Cause of Action and/or Right Of Action. In memorandum, defendants assert that the remains of the deceased were moved in accordance with La. R.S. 8:659, which permits one family member to sign a consent on behalf of the family to allow the cemetery to move a previously buried body. Defendants assert that Lionel Dufour signed the consent form, giving the cemetery permission to perform the acts that are the subject of plaintiffs complaints. They further contend that there is no cause of action because La.C.C. 2315.6, the "Bystander Rule", which allows recovery for emotional distress caused by the negligent injury to a third person, is restricted to an injury to a live person or an event involving a *846 live person and not to a corpse. Defendants further argue that Kathleen Dufour has no right of action because she is not a member of one of the specific classes of plaintiffs to whom a cause of action is granted under C.C. art. 2315.6.
The hearing on the exceptions was held on September 15, 1993. Judgment was rendered on October 19, 1993 and read and signed on November 3, 1993. The trial judge granted the exception of no cause of action and plaintiffs were allowed 60 days to amend their petition. He further granted the exception of no right of action. Plaintiffs appealed and defendants filed a motion to dismiss the appeal in regard to the exception of no cause of action. On appeal, plaintiffs assert that the trial judge erred in granting the exceptions.

MOTION TO DISMISS APPEAL
Before addressing plaintiffs' appeal, we first address the motion to dismiss the appeal filed by defendants. They assert that the appeal of the granting of the exception of no cause of action is a non-appealable interlocutory judgment. We agree, but exercise our supervisory jurisdiction in order to consider the matter.
Ordinarily, a judgment granting the peremptory exception of no cause of action is a final judgment entitling the plaintiff to an appeal. See: La.C.C.P. art. 1841. However, when the exception of no cause of action is granted with leave to amend, the judgment is not final and thus is not appealable without a showing of irreparable injury. See: Herberg v. Dixon, 615 So.2d 1104 (La. App. 5th Cir.1993); La.C.C.P. art. 934; C.C.P. art. 1915; C.C.P. art. 2083. Since the judgment here is neither a final judgment nor an interlocutory judgment with a showing of irreparable injury, plaintiffs are not entitled to an appeal. On the other hand, we are authorized to invoke our supervisory jurisdiction and address the issues by converting the appeal to a writ, rather than dismissing the appeal. City of New Orleans v. Ballansaw, 475 So.2d 768 (La.1985); Lord v. Broussard, 526 So.2d 458 (La.App. 5th Cir. 1988); State v. Fraychineaud, 620 So.2d 338 (La.App. 5th Cir.1993). In this case, because the other portion of the judgment which grants the peremptory exception of no right of action is a final appealable judgement, judicial economy dictates that we review both the exception of no cause and the exception of no right of action together. Thus, we hereby convert the appeal of the judgment granting the exception of no cause of action with leave to amend, to a writ invoking our supervisory jurisdiction and we further grant the writ, with the following disposition.

NO CAUSE OF ACTION
Plaintiffs assert that the trial judge erred in granting the exception of no cause of action because the "Bystander Recovery Rule" is inapplicable. Plaintiffs further assert that they have a cause of action for intentional infliction of emotional distress and/or abuse of rights and that they have a laudable purpose in requesting the reinterment of Frances Dufour and Roland Dufour.
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South Inc., et al., 616 So.2d 1234 (La. 1993); Pelican Publishing Company, 626 So.2d 721 (La.App. 5th Cir.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931; Pelican at 723. In deciding the exception, the court must accept the well-pleaded allegations of fact as true. Id. at 723. The issue at trial is whether, on the face of the petition, plaintiff is legally entitled to the relief sought. Id. at 723.
The "Bystander Recovery Rule" was established in LeJeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). LeJeune overruled prior caselaw prohibiting the recovery of emotional damages for a person who viewed a negligent injury to another, but who did not suffer any direct physical injury. The LeJeune decision set forth guidelines for the application of the rule and the rule was enacted into law by the legislature in La.C.C. art. 2315.6 in 1991.
La.C.C. art. 2315.6 states:

*847 Liability for damages caused by injury to another
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
2) The father and mother of the injured person, or either of them.
3) The brothers and sisters of the injured person or any of them.
4) The grandfather and grandmother of the injured person, or either of them.
B. To recover for mental anguish or emotional distress under this Article, the injured person, must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
In recognizing the cause of action of bystander recovery for emotional distress as a result of viewing or coming upon the scene of physical injuries to a third person, the court in LeJeune overruled a long line of jurisprudence. It analyzed cases which allowed recovery for emotional distress which was unrelated to a physical injury. Among the cases noted were a line of previous decisions which recognized a cause of action for emotional distress to the relatives of a deceased person as a result of some type of mismanagement or injury to the body of the deceased, caused by the negligence of defendant. The court stated that, unlike the line of cases which refused to allow a cause of action for emotional distress caused by the negligent injury to a third person in other tort scenarios, the mismanagement of dead body cases allowed recovery for emotional distress without physical injury to the plaintiff and premised recovery on property rights. LeJeune at 568; See: Fortuna v. St. Bernard Memorial Gardens, Inc., 529 So.2d 883 (La.App. 4th Cir.1988); Burton v. City of New Orleans, 464 So.2d 943 (La.App. 4th Cir.1985); Shelmire v. Linton, 343 So.2d 301 (La.App. 1st Cir.1977).
The LeJeune court analyzed the issue in light of C.C. 2315 and the duty-risk principles and concluded that a cause of action exists when there is a direct and independent duty owed to the bystander by the tortfeasor, in addition to the duty owed to the injured victim. It did not overrule the "dead body" cases. Furthermore, the court did not intend to modify or interrupt the development of rules which permitted recovery for mental anguish in cases where the tortfeasor owes the plaintiff a special, direct duty. Clomon v. Monroe City School Board, 572 So.2d 571, 575 (La.1990).
The language of C.C. art. 2315.6 restricts the recovery to "persons who view an event causing injury to another person ..." A natural person is a human being. La.C.C. art. 24. "Natural personality commences from the moment of live birth and terminates at death." La.C.C. art. 25. Thus, a "person" within the meaning of the Civil Code is a live human being and does not include one who has died.[1]
After reviewing the jurisprudence and the pertinent Civil Code provisions, we conclude that neither the analysis of the court in LeJeune nor the language of the bystander recovery codal article shows an intent to include dead bodies within its ambit, or to dispense with prior caselaw providing for a cause of action to family members for the emotional distress related to the handling of the remains of deceased family member. Thus, we find that C.C. art. 2315.6 is not applicable to cases involving the mismanagement of the remains of a deceased.
The cause of action in this case arises from the breach of the direct duty owed by a *848 cemetery to the relatives of the deceased. This duty may be breached by the alleged negligence of the tortfeasor, or as plaintiff urges, by the intentional infliction of emotional distress or possibly from abuse of rights. After reviewing the petition filed by plaintiffs, we find that it alleges facts, which taken as true, assert a cause of action for tort recovery under the dead body cases or under the abuse of rights doctrine, but not the doctrine of intentional inflection of emotional distress.
Under the intentional infliction of emotional distress theory of recovery, the behavior of the defendant must be "outrageous" and must "go beyond all possible bounds of decency, and be of such a nature as to be regarded as atrocious and utterly intolerable in a civilized community." White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991). The unauthorized disposition of the remains of a parent is the type of outrageous behavior which will support a cause of action for the intentional infliction of emotional distress. Mavromatis v. Lou-Mar, Inc., 632 So.2d 828 (La.App. 4th Cir.1994).
However, intentional inflection of emotional distress must be pled in the petition, which was not done in this case. The abuse of rights doctrine is rarely applied because its application makes a judicially protected right unenforceable. Truschinger v. Pak, 513 So.2d 1151, 1154 (La.1987). Under the abuse of rights doctrine, the plaintiff must show that the holder of the right used it either: 1) to harm another or where the predominant motive was to cause harm; or 2) where there is no serious or legitimate interest worthy of judicial protection; or 3) where the holder uses the right in violation of moral rules, good faith or elementary fairness; or 4) where the holder uses it for a purpose other than that for which the right was granted. Truschinger at 1154; Kok v. Harris, 563 So.2d 374, 377 (La.App. 1st Cir. 1990). Here, plaintiffs assert that the right abused was the authority of the cemetery under La.R.S. 8:659 and R.S. 8:655. R.S. 8:659 allows the cemetery to move the remains of the deceased with consent of one of a descending list of relatives and R.S. 8:655 provides a descending list of the relatives who are given the right to dispose of the remains of a deceased. Plaintiffs here, specifically assert the defendants' acts were against morse rules good faith and/or elementary fairness and that there is no serious or legitimate interest in defendants' actions worthy of judicial protection.
Plaintiffs have alleged a cause of action under two theories of recovery. Whether or not plaintiff can win is not at issue in determining the exception of no cause of action. Further, if the petition states one cause of action, the exception cannot be maintained since the general rule prohibits partial judgments on exceptions of no cause of action. Everything on Wheels at 1236, 1237. Consequently, we reverse the judgment granting the peremptory exception of no cause of action and remand for further proceedings.
We next address the granting of the exception of no right of action as to Kathleen Dufour. The purpose of the peremptory exception of no right of action is to test whether plaintiff has an interest in enforcing the matter asserted or whether plaintiff has the capacity to file the action. See: La.C.C. art. 927; D'Abreu v. Diesel Power International, Inc., 625 So.2d 540, 544 (La. App. 5th Cir.1993). In determining whether a plaintiff has a right of action, the court looks at whether plaintiff belongs to a particular class of persons to whom the law grants a remedy for the particular grievance, or whether plaintiff has an interest in judicially enforcing the right asserted. Id. at 544.
In this petition, Kathleen Dufour asserts a claim for her loss of consortium. She does not claim damages for emotional distress related to the alleged mismanagement of the remains of Frances Dufour. Her right of action arises from La.C.C. art. 2315 and C.C. art. 2315.2, as the spouse who suffered loss of consortium as a result of the injury or tort to her husband, which was allegedly caused by the acts of defendants. Thus, we find that Kathleen Dufour has a right of action for her loss of consortium claim. Consequently, the judgement granting the exception of no right of action is reversed and the case remanded.
*849 Accordingly, the judgment of the trial court granting the peremptory exceptions of no cause of action and no right of action is hereby reversed. The case is remanded for further proceedings.
Costs of this appeal are to be paid by defendants.
REVERSED AND REMANDED.
NOTES
[1] An unborn child is a natural person if it is born alive. C.C. art. 26.