RCANNELLA, Judge.
Plaintiffs, Mrs. Bertha Rodriguez, widow of Charles Gremillion, and her children, Mrs. Dolores Gremillion Martin, Charles Gremil-lion, Jr., and Robert Gremillion, appeal from the district court judgment dismissing their declaratory judgment action for not timely amending their petition after the court ruled in favor of defendant, Bonnabel Properties, Inc., granting its exception of nonjoinder of indispensable parties. For the reasons which follow, we dismiss the appeal.
Plaintiffs filed a petition for declaratory judgment requesting that the court recognize them as the owners of “a 50 foot long, 12 foot wide strip of land, immediately to the rear of Lot 22, Square 24, BONNABEL PLACE subdivision, Parish of Jefferson, being the old 12 foot servitude that ran adjacent to the entire width of Lot 22 in the rear.” It was alleged in the petition that Mrs. Bertha Rodriguez Gremillion and her husband Charles Gremillion purchased Lot 22, along with other property not relevant to the instant ease, on January 18, 1947. The act of sale provided that the property |3was being acquired “together with the right of use and servitude of two common alleys, each twelve (12') feet wide, one of said alleys lying on the side of *30 Lot No. 21 nearest Hesiod Street, and the other lying in the rear of said lots Nos. 22 and 23.” Defendant was the grantor of this servitude and is the last record owner of the 12 foot by 50 foot section of property involved herein. Plaintiffs further alleged in their petition that within a year of acquiring this property “they took possession of this servitude with the intent of keeping the property as an extension of their back yard for themselves as their own, and have continued such possession uninterrupted until the present.” They allege that “their use of this strip of land was evidenced by petitioners keeping it mowed and cut, using it for a garden, filling it, recreational use for themselves and their children and other acts consistent with this strip of land being used as an extension of their rear yard.”
In response to this action, defendant filed an exception of nonjoinder of indispensable parties. Defendant contends that for plaintiffs to prevail in getting a judgment declaring them to be the owners of the property they must necessarily prove extinguishment of the servitude that was granted on the property in favor of all of the property owners in Square 24, bounded by Aurora Avenue, Hesiod Street and Phosphor Avenue.
On June 13, 1994, the district court granted defendant’s exception of nonjoinder of indispensable parties. Plaintiffs sought writs from this ruling, and writs were denied by this court on July 8, 1994.
Thereafter, on November 18, 1994, plaintiffs filed a Motion For Clarification of Judgment on Exception of Indispensable Parties.[1] After a 14hearing on the motion for clarification, judgment was rendered holding that the parties deemed indispensable are the owners of all of the lots within the same square as petitioners that abut the alleyways within that square. The judgment gave plaintiffs until February 8,1995 to add these parties or have their suit dismissed without prejudice. Plaintiffs did not add the parties and instead filed a motion for appeal from this district court judgment.
This court noted a jurisdictional defect, as there is no final judgment of dismissal in the case. Absent a final judgment of dismissal, the case is not properly before the court on appeal. Herberg v. Dixon, 615 So.2d 1104 (La.App. 5th Cir.1993). A Rule to Show Cause why the appeal should not be dismissed was issued by this court. Plaintiffs acknowledged that no final judgment of dismissal had been secured. Plaintiffs requested that this court treat the matter as a writ and in the spirit of judicial economy, consider the matter before it, relying on the case Dufour v. Westlawn Cemeteries, Inc., 639 So.2d 843 (La.App. 5th Cir.1994) in support of his argument.
We decline plaintiffs’ request to have the matter considered on the merits as a writ. The Dufour case is distinguishable from the case presently before us. In Dufour, there was an additional appealable issue in the case requiring the court’s consideration of the case on appeal anyway. Thus, the court simply allowed the appending of the non-appealable issue to the case on appeal. In this case there is no appealable issue before the court. Despite this court’s issuance of a rule to show cause concerning the jurisdictional defect, plaintiffs have still not secured the final judgment. Rather, plaintiffs seek consideration by this court on writs, which has previously been sought and denied. | ^Furthermore, if plaintiffs received an unsuccessful ruling upon consideration of the merits of the writ application, they would still retain the option of procuring the final judgment of dismissal thereafter and bringing the case back before the court for another consideration on appeal.
Therefore, we find that, absent a final judgment of dismissal in this case, it contains a jurisdictional defect and is not properly before this court on appeal. Accordingly, the appeal is dismissed.

APPEAL DISMISSED.

. The record has been designated on appeal and is incomplete for full consideration by this court. The motion for clarification is not contained in the record before us, nor is the transcript of the hearing on the motion. However, the judgment rendered in response to the motion states that such a motion was filed.