663 So.2d 850 (1995)
Ronald N. LYBRAND
v.
NEWMAN, DROLLA, MATHIS, BRADY & WAKEFIELD, a Professional Law Corporation, F. Joseph Drolla, Jr., and Stephen J. Broussard.
No. 95-CA-9.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 1995.
*851 Steven G. Bresler, Gulfport, Mississippi, for Plaintiff/Appellant.
Clay J. Legros, Mark C. Landry, Keith P. Richards, Metairie, for Defendants/Appellees.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a petition filed on behalf of TCB, Inc. against Newman, Drolla, Mathis, Brady & Wakefield, A Professional Law Corporation. Attorneys F. Joseph Drolla and Stephen J. Broussard were also sued individually. Ronald N. Lybrand was subsequently substituted as the plaintiff following TCB's assignment of its rights to the alleged claim. Lybrand seeks damages for the alleged failure of the attorneys to properly inform TCB of a title defect, consisting of a federal tax lien, prior to TCB's purchase of immovable property. The defendants filed inter alia an exception of no cause of action and a motion for summary judgment. The trial judge maintained the exception of no cause of action and granted summary judgment. He dismissed plaintiff's petition. Lybrand, plaintiff/appellant, now appeals. We affirm.
On appeal the appellant specifies the following errors:
1. The trial court erred in considering and granting both defendants' no cause of action and summary judgment motion;
2. The trial court erred in considering summary judgment evidence in considering defendants' no cause of action exception;
3. The trial court erred in granting defendants' no cause of action exception;

*852 4. The trial court erred in failing to afford plaintiff an opportunity to amend its petition to state a cause of action;
5. The trial court erred in considering defendants' counsel's argument in brief and attachments to defendants' supporting memorandum as evidence in resolving defendants' no cause of action exception and summary judgment motion.
6. The trial judge erred in granting defendants' summary judgment motion;
7. The trial court erred in failing to consider and deny defendants' vagueness exception;
8. The trial court erred in failing to consider and deny defendants' prematurity exception;
9. The trial court erred in failing to consider and deny defendants' nonjoinder exception.

NO CAUSE OF ACTION
Lybrand's action is one in legal malpractice against the attorneys who did not locate the federal tax lien prior to the sale. Lybrand also alleges that once the attorneys became aware of the lien they did not timely report the information to TCB. The attorneys argue Lybrand has no cause of action since TCB was not their client. Instead, they performed the title search for the lending institution. Lybrand, on the other hand, contends TCB was their client or in the alternative a stipulation pour autrui operated.
In determining there was no cause of action, the trial judge concluded TCB was not a client of the firm nor was there a stipulation pour autrui. However, in doing so, he went beyond the allegations of the petition.
In Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5th Cir. 6/28/94), 639 So.2d 843, 846 we stated:
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru [South], Inc., et al., 616 So.2d 1234 (La.1993); Pelican Publishing Company v. Wilson, 626 So.2d 721 (La.App. 5th Cir.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931; Pelican at 723. In deciding the exception, the court must accept the well-pleaded allegations of fact as true. Id. at 723. The issue at trial is whether, on the face of the petition, plaintiff is legally entitled to the relief sought. Id. at 723.
Accepting the well-pleaded allegations of the petition as true, TCB has stated a cause of action. TCB alleges it contacted the lending institution, American Savings and Loan Association for financing. American agreed to the loan subject to a title certification that the property was fully merchantable with American having the first lien and mortgage. American required TCB to contact and close the loan through the defendant law firm. Upon information and belief TCB learned Drolla and Broussard were chosen by the firm to examine and close the loan. TCB further alleges it "contacted and employed the law firm" for the purpose of examining the title and certifying it to be clear. TCB states in the petition it had an attorney-client relationship with the firm and alternatively alleges it was a third party beneficiary of an attorney-client relationship between the firm and the bank.
Since TCB has alleged it employed these attorneys, the petition states a cause of action for an attorney-client relationship. Whether or not TCB can prove these allegations is not determinative of the exception of no cause of action. Dufour, supra. For the purposes of the exception of no cause of action we need not address whether TCB has also stated a cause of action as a third-party beneficiary. We held in Dufour, supra, at 848: "if the petition states one cause of action, the exception cannot be maintained since the general rule prohibits partial judgments on exceptions of no cause of action."

MOTION FOR SUMMARY JUDGMENT
On appeal summary judgment is reviewed de novo. Schroeder v. Board of Supervisors of Louisiana State University, *853 591 So.2d 342, 345 (La.1991). We find on de novo review there are no genuine issues of material fact regarding damages. We pretermit any discussion of whether there are issues of material fact regarding an attorney-client relationship or any liability. Even assuming the existence of an attorney-client relationship and the existence of any acts or failures to act resulting in liability, there are no issues of material fact that TCB has suffered any injury or damage as a result of the attorneys' alleged failure to timely advise TCB of the federal tax lien.
In its motion for summary judgment the defendants attached a certificate showing the lien was cancelled on July 8, 1991. That cancellation was not disputed by the plaintiff in the opposition. Also attached to the motion for summary judgment was a mortgage certificate showing the property was no longer encumbered. This too was undisputed.
TCB alleged the tax lien caused the property to be unmerchantable and subject to seizure by the Internal Revenue Service. The defendants argued in brief below that TCB was not damaged since it failed to show it was injured by the lack of merchantability. The movers relied on the following admissions made in the petition by TCB:
That, during a hearing before the United States Bankruptcy Court on April 23, 1990, the attorney representing TCB was reviewing the records of TCB when it was noted that on June 26, 1986, approximately twenty (20) days prior to the act of sale taking place, there was a filing of a federal tax lien against Ronald N. Lybrand as the seller of said property which was never removed prior to the sale being consummated.
Thus, TCB admitted it only became aware of the defect in 1990 which was almost four years after the act of sale on July 18, 1986. Furthermore, movers relied on TCB's "Second Amended Chapter 11 Plan of Reorganization" dated June 1, 1990 which was attached in support of the motion. That document proposed a plan to allow TCB to remain in possession of the property while making mortgage payments. TCB, through Lybrand, did not file any countervailing documents. This document was attached to show TCB's interest was in retaining possession of the property and not in selling it.
Moreover, the "Chapter 11 amendment" states that TCB's stock is owned by Rhonda L. Bresler and Michelle Lybrand. In his affidavit, Ronald Lybrand states that Bresler is his daughter. He and his wife both averred his wife appeared at the closing for the act of sale instead of Bresler because Bresler was ill. The "Chapter 11 amendment" states that Lybrand's wife is TCB's President and Secretary. This document indicates TCB is a family corporation. The trial judge concluded the "clean hands doctrine" would preclude Lybrand from recovering since he had knowledge of his own lien. We need not, however, address whether this doctrine applies since in any event TCB has filed no countervailing evidence in support of its allegation it sustained damages.
As noted in Carter v. BRMAP, 591 So.2d 1184 (La.App. 1st Cir.1991):
When a motion for a summary judgment has been filed and supported by evidence, the adverse party may no longer rely on the mere allegations or denials of his pleading, but through affidavits or otherwise must set forth evidence demonstrating there is a genuine issue for trial.
TCB alleged in its opposition brief that because it did not have clear title to the property it could not assure a lessee's peaceable possession, causing its loan to be in default in September, 1990. It further alleged it could not sell the property, the sole asset of the corporation. However, there are no affidavits or other documents attached in support of these allegations.
TCB has relied on allegations and has failed to set forth facts through evidence or affidavits to demonstrate a genuine issue regarding the sustaining of an injury. In Carter, supra, at 1189 the court held:
When the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, a motion for summary judgment should be granted.
*854 Finally, appellant urges as error the trial judge's failure to consider and deny the exceptions of vagueness, nonjoinder and prematurity. Since the trial judge correctly granted the motion for summary judgment these exceptions became moot.
Appellant correctly notes that no evidence can be taken on the exception of no cause of action. Although the trial judge may have erred in considering evidence as to the exception, he nonetheless properly granted the motion of summary judgment for the reasons stated above.
AFFIRMED.
KLIEBERT, J., concurs.
KLIEBERT, Judge, CONCURRING.
I concur in the results reached by the majority opinion but not necessarily for the reasons stated by the writer.