688 So.2d 68 (1997)
Karen SCHELL, Roy T. Schell and John T. Schell
v.
NK ENTERPRISES, INC., Frank A. Trapani, Gertrude Gardner, Inc. and Hibernia Corporation D/B/A Hibernia National Bank.
No. 96-CA-362.
Court of Appeal of Louisiana, Fifth Circuit.
January 15, 1997.
Rehearing Denied March 17, 1997.
*69 Randy Opotowsky, New Orleans, for appellants.
Richard J. Tomeny, Jr., Christy R. Bergeron, Metairie, for appellee.
Before WICKER, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Hibernia National Bank (Hibernia) appeals from a judgment granting an exception of no cause of action to a third party claim in a lease dispute. Third-party defendants involved in the exception are Louise Schell Boudreaux, Joseph Ernst, Jr., Philip W. Ernst and Patricia McCloud Ernest (the Boudreaux defendants). We affirm.
Karen Schell Vocke, Roy T. Schell, John T. Schell, along with Louise Schell Boudreaux, Joseph Ernst, Jr., Philip W. Ernst, Patricia McCloud Ernst, Kathryn Ernst, wife of and John A. Ernst, are alleged owners in indivision of a piece of property located in St John the Baptist Parish (the Property). In December 1994, N.K. Enterprises, Inc. (N.K.) began construction on the Property of a business known as "Handy Lube and Tune of Louisiana", allegedly pursuant to a lease of the Property. Hibernia was allegedly granted a mortgage on the leasehold improvements and an assignment of the lease.
On August 18, 1995, a suit was filed by Karen Schell Vocke, Roy T. Schell, and John T. Schell for the return of the Property and the removal of all leasehold improvements constructed on it. Suit was filed against N.K., Frank Trapani (Trapani), Gertrude Gardner, Inc. and Hibernia Corporation d/b/a Hibernia, alleging that N.K. constructed a "Handy Lube and Tune of Louisiana" without their knowledge and/or permission on the Property owned by plaintiffs in indivision. Plaintiffs alleged trespass, disturbance of their peaceful possession by recording the lease in the conveyance records and granting a mortgage to Hibernia on the leasehold improvements, which was also recorded in the conveyance records. Their petition asks for damages for loss of use, cost of removal of the improvements, damages for mental pain and suffering, recognition of their right to the Property, recognition of their right to be maintained in peaceful possession, cancellation of the mortgage on the leasehold improvements, an order requiring N.K. to stop operating the business on the Property and an order requiring defendants to remove all improvements. Plaintiffs also requested a jury trial.
On October 5, 1995, Hibernia Corporation was dismissed, but Hibernia remained a party. Various answers, affirmative defenses and cross-claims were filed. Hibernia filed *70 an answer, affirmative defenses, a reconventional demand against plaintiffs asserting that they knew of the lease and construction, a crossclaim against Trapani, the real estate agent for Gertrude Gardner and a third-party claim against Louise Schell Boudreaux, Joseph Ernst, Jr., Philip W. Ernst, Kathryn Ernst, wife of and John A. Ernst and Patricia McCloud Ernst. The third party demand also named as defendants, Ellen Mullins, the closing attorney for Republic Land Title, Republic Land Title, DiMartini, LeBlanc, D'Aquila & Volk, A Professional Law Corporation, Home Insurance Co., Coregis Insurance Company[1] and Ed Vocke, in community with Karen Vocke.
On January 23, 1996, Louise Schell Boudreaux, Joseph Ernst, Jr., Philip W. Ernst and Patricia McCloud Ernst filed a peremptory exception of no cause of action to Hibernia's third party claim against them. A hearing on the exception was held on March 1, 1996. On March 13, 1996, the exception was sustained and the Boudreaux third-party defendants were dismissed from Hibernia's third-party action against them.
On appeal, Hibernia asserts that the trial judge erred in granting the exception because it states a cause of action for detrimental reliance. Alternatively, it asserts that the trial judge erred in failing to allow Hibernia to amend its petition to allege sufficient grounds to state a cause of action.
A peremptory exception of no cause of action should be granted only if the well-pled allegations of fact in the petition clearly show that there is no remedy under any theory of law. Morgan v. ABC Manufacturer, 93-701 (La.App. 5th Cir. 3/16/94); 637 So.2d 1076, 1078. All facts pled in the petition are accepted as true, without any reference to extraneous evidence, and all doubts are resolved in favor of the sufficiency of the petition. Morgan v. ABC Manufacturer, 637 So.2d at 1078; See: La.C.C.P. art. 931.
In Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5th Cir. 6/28/94); 639 So.2d 843, 846, we stated:
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., et al, 616 So.2d 1234 (La.1993); Pelican Publishing Company v. Wilson, 626 So.2d 721 (La.App. 5th Cir. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. art. 931; Pelican at 723. In deciding the exception, the court must accept the well-pleaded allegations of fact as true. Id. at 723. The issue at trial is whether, on the face of the petition, plaintiff is legally entitled to the relief sought. Id. at 723.
When the trial judge determines that the petition fails to assert a cause of action, La.C.C.P. art. 934 provides that the petitioner be permitted to amend the petition, if the grounds of the exception can be removed by amendment.
Detrimental reliance is governed by La. C.C. art. 1967, which provides:
Art. 1967. Cause defined; detrimental reliance
Cause is the reason why a party obligates himself.
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.
The comments to this article state:
(d) Under this Article, a promise becomes an enforceable obligation when it is made in a manner that induces the other party to rely on it to his detriment. That *71 conclusion is consistent with the basic principles of C.C.Art. 1791 (1870) and C.C.Art. 2315 (1870). The case of Ducote v. Oden, 221 La. 228, 59 So.2d 130 (1952) (holding that promissory estoppel is not recognized in Louisiana) is thus overruled.
(e) Under this Article, the court may grant damages, rather than specific performance, to the disappointed promisee, and may even limit damages thus granted to the expenses actually incurred.
In Morris v. People's Bank & Trust Co. of Natchitoches, 93-934 (La.App. 3 Cir. 7/27/94); 642 So.2d 225, 232-233,[2] the court stated:
"... La.C.C. art. 1967 does not require the existence of a formal, valid, or enforceable contract in order for detrimental reliance to occur." Morris v. People's Bank & Trust Co., 580 So.2d 1029, at 1036 (La.App. 3d Cir.1991). Quoting from A Student Symposium, 45 La.L.Rev. at 765-766, we stated:
"[T]he basis of detrimental reliance is not the intent to be bound, since detrimental reliance is not really contractual in nature. It is based on the idea that a person should not harm another person by making promises that he will not keep. The question is not whether the promisor really intended to perform what he promised, rather it is whether the promise was made in such a manner that the promisor knew or should have known that the promisee would rely upon it, and if so, whether the promisee has in fact reasonably relied upon the promise and been damaged thereby. When the promisee can prove all of these elements he has shown that the promisor has dealt him an injustice, and the court should be free to remedy the injustice suffered by the promisee."
Thus, in order to recover damages for detrimental reliance, the party must prove (a) the existence of a promise and (b) reasonable reliance on that promise to the party's detriment. Carter v. Huber & Heard, Inc., 95-142 (La.App. 3rd Cir. 5/31/95); 657 So.2d 409, 411. See also: Morgan v. ABC Manufacturer, 637 So.2d at 1079.
In this case, Hibernia's third-party petition states:
Hibernia avers that plaintiffs, along with third party defendants, Louise S. Boudreaux (plaintiff's mother), Joseph Ernest, Jr., Philip W. Ernest, Kathryn and John A. Ernest, Jr. and Patricia McCloud Ernest (sometimes hereafter collectively the "Property Owners"), are the owners in indivision of the Property.
Hibernia avers that N.K. sought to lease the Property from the Property Owners in order to construct a quick change oil and lube business.
Hibernia avers on information and belief that third party defendant, Frank A. Trapani was an agent with Gertrude Gardner, Inc. at all times relevant, and allegedly represented all of the Property Owners in the lease of the Property.
Hibernia avers that N.K. made a loan application and obtained a loan from Hibernia to construct the leasehold improvements for N.K.'s business operations on the Property.
Hibernia avers that Ellen Mullins was employed by Republic and/or a member of the law firm of DiMartini, LeBlanc, D'Aquila & Volk at all times relevant, and was requested to do the title work, closing, including preparing the leasehold mortgage and collateral documents. Ellen Mullins on behalf of DiMartini and/or Republic assured Hibernia that there was a valid lease and leasehold mortgage executed by the Property Owners and N.K. in favor of Hibernia.
Hibernia avers that on information and belief, Frank A. Trapani obtained all the necessary signatures on the lease, which he warranted and assured to Ellen Mullins, Republic and DiMartini the day of the closing.
Hibernia avers that on November 21, 1994, a Collateral Leasehold Mortgage and Assignment of Lease and other collateral documents were executed by N.K., in favor of Hibernia to secure the loan by Hibernia to N.K. to construct the leasehold improvements on the Property.

*72 Hibernia avers, that on information and belief, that subsequent to the execution of the documents referred to above, the Collateral Leasehold Mortgage and Assignment were recorded on December 5, 1994 and construction of the leasehold improvements commenced by N.K. shortly thereafter.
Hibernia avers that the third party defendants who are the property owners, were aware of the execution of the lease by them with N.K. and have failed to provide N.K. with peaceful possession of the Property leased by them to N.K.
Hibernia avers that on information and belief that plaintiffs became aware of the commencement of construction at the time the Property was prepared for the pouring of the slab and were aware throughout the entire time of the construction of the leasehold improvements that the Property was being improved by N.K.
Hibernia avers that in the event it sustains any loss or damages as a result of plaintiffs' petition herein, then in said event, third party defendants are liable unto Hibernia for any amounts, losses or damages it sustains for the reasons hereinafter set forth:
a) Joseph Ernest, Jr., Philip W. Ernest, Kathryn and John A. Ernest, Jr. and Patricia McCloud Ernest jointly, severally and in solido for their failure to provide N.K. with peaceful possession of the Property and breach of the terms and conditions of the lease they executed with N.K...
The allegations as to the Boudreaux defendants are that N.K. sought to lease the Property from the property owners; that Trapani represented the property owners in the lease; that other parties represented that there was a valid lease and all necessary signatures were on the document; that the Boudreaux defendants were aware of the execution of the lease by them; and that the Boudreaux defendants are liable jointly and in solido for their failure to provide N.K. with peaceful possession of the Property and breach of the terms and conditions of the lease they executed with N.K. Thus, Hibernia asserted that the Boudreaux defendants executed a lease, that they disturbed N.K.'s peaceful possession and that they breached the terms of the lease. The petition does not assert that it detrimentally relied on the lease or any promise made by the Boudreaux defendants implied by the lease or otherwise. In the hearing on the exception, there was argument relative to two leases and who signed the documents. However, this appeal is from an exception of no cause of action which is triable solely on the face of the petition. In addition, we note that those assertions were made in argument and were not filed formally into evidence. Without being properly admitted into evidence, neither the trial nor appellate courts could consider those factual allegations. We find, therefore, that the trial judge did not err in finding that Hibernia failed to assert a cause of action against the Boudreaux defendants. Also, this court finds that the grounds of the exception cannot be removed by amendment. Therefore, the action of the trial court and not allowing Hibernia time to amend is not manifestly erroneous.
Accordingly, the judgment granting the exception of no cause of action is hereby affirmed. Costs of appeal are to be paid by appellant.
AFFIRMED.
NOTES
[1] Incorrectly referred to as Coregis Insurance Group in the initial pleadings.
[2] Reversed on other grounds in Morris v. Friedman, 94-2808 (La.11/27/95); 663 So.2d 19.