GRAVOIS, J.,
dissents with reasons.
|]I respectfully dissent from the majority holding herein. In my view, the trial court erred in granting appellee’s exception of no cause of action.
The Exception of No Cause of Action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition. Lybrand v. Newman, Drolla, Mathis, Brady & Wakefield, 95-9 (La.App. 5 Cir. 10/31/95), 663 So.2d 850. For the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition and any annexed documents must be accepted as true. City of New Orleans v. Board of Commissioners, 93-0690 (La.7/5/94), 640 So.2d 237. No evidence may be introduced at any time to support or controvert the exception. Angelica v. Angelica, 608 So.2d 256 (La.App. 5 Cir.1992).
The Petition for Declaratory Judgment filed in this case alleges that the decedent’s will, the original of which was filed into the trial court record of this proceeding, is not valid because “neither the notary public nor the two witnesses who signed the testament were present when the testator executed the will, but were outside of *1236 the room at the time of the execution by the testator.” The petition further alleges that neither of the witnesses nor the notary public was present when the trust document was executed.
|2After the hearing on appellee’s exception of no cause of action, the trial judge took the matter under advisement. He then rendered judgment granting the exception after which appellant requested written reasons for judgment. In his written reasons for judgment, the trial judge cited La. C.C. art. 1848, which states that testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act, but such evidence may be admitted to prove vice of consent, simulation, or modification. The trial judge then went on to state that there were no allegations of vice of consent, simulation or modification. Thus, in essence, the trial judge held that because parol evidence could only be used to attack an authentic act when there are allegations of vice of consent, simulation or modification, appellant had failed to state a cause of action in the Petition for Declaratory Judgment.
The general rule is that parol evidence is not admissible to contradict or destroy an authentic act. Succession of Robinson, 94-2229 (La.5/22/95), 654 So.2d 682, 685. However, where it has been alleged that the act is made in contravention of the law, evidence relevant to this fact is admissible to prove what legal effect, if any, the act will be given. Id. Parol evidence is admissible to establish that an instrument purporting to be an authentic act is not in fact authentic because it was not executed in compliance with codal requirements. American Bank & Trust Co. v. Carson Homes, Inc., 316 So.2d 732 (La.1975).
In view of the jurisprudential rule allowing parol evidence to be offered to prove that an instrument purporting to be an authentic act was not executed in compliance with the codal requirements, and accepting the allegations in the Petition for Declaratory Judgment that the will and trust instruments in this case were not executed in front of a notary and two Jjwitnesses as true, I find that the trial judge erred in granting appellee’s exception of no cause of action. Accordingly, I would reverse the judgment of the trial court and remand the matter for further proceedings.