693 So.2d 294 (1997)
Jesus Mateo PEREZ, Jr., et al., PlaintiffsAppellants,
v.
McCORMICK & COMPANY, et al., DefendantsAppellees.
No. 97-17.
Court of Appeal of Louisiana, Third Circuit.
April 30, 1997.
John K. (Mike) Anderson, Leesville, for Jesus Mateo Perez, Jr., et al.
Susan C. Segura, Alexandria, for McCormick & Company, et al.
Before YELVERTON, COOKS and GREMILLION, JJ.
YELVERTON, Judge.
Jesus Mateo Perez, along with his wife and children, appeal the trial judge's conclusion that they had no cause of action for emotional injuries caused by the publication of a defamatory article about his deceased mother. We affirm the trial judge's granting of the exception of no cause of action.

FACTS
On May 23, 1995, Perez's mother was murdered in Leesville, Louisiana. On May 26, 1995, the Alexandria Daily Town Talk published an article about Perez's deceased mother. Specifically, the article stated that Perez's mother was "the same woman whose $77,000 in cash had been seized as alleged assets of drug dealing years ago." The article further explained that "Ms. Perez *295 testified that she earned the money by giving massages in a New York City club." On May 27, 1995, the Alexandria Daily Town Talk published a correction admitting that it had mistakenly identified Perez's dead mother as the woman whose $77,000 in cash had been seized. The newspaper apologized and explained that "[p]olice sources earlier this week said the two women were one and the same, despite the differences in the first names," but police later confirmed "that the two women were indeed different."
Perez, his wife, and their children filed suit against McCormick and Company, Inc. d/b/a Alexandria Daily Town Talk. Perez alleged that the newspaper published a defamatory article about his deceased mother and that the article caused them severe emotional distress. The suit further alleged that McCormick had a duty to contact the Perez family or funeral home before publication of the defamatory article to verify the contents of the article, especially since the two women had different first names; that McCormick breached this duty; and that McCormick's conduct was extreme and outrageous.
McCormick filed a peremptory exception of no cause of action. The trial judge granted the exception and dismissed Perez's suit. In her written reasons for judgment, the trial judge relied on the supreme court holding that a plaintiff has no cause of action for defamation of a deceased relative. (See the Gugliuzza case discussed below). The Perez plaintiffs appealed asserting that they do have a cause of action under La.Civ.Code art. 2315.6.

OPINION
In reviewing an exception of no cause of action, the court considers only the petition and "accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). For the reasons below, we conclude that the law does not afford Perez any remedy based on the facts alleged in his petition and, hence, the trial judge correctly granted the exception of no cause of action.
In Gugliuzza v. K.C.M.C., Inc., 606 So.2d 790, (La.1992), the supreme court held that the family of a decedent had no cause of action for defamation of their deceased relative caused by a television newscast alleging that the decedent's murder resulted from his ties with organized crime. The supreme court explained:
Once a person is dead, there is no extant reputation to injure or for the law to protect. Since the cause of action is intended to redress injuries flowing from harm to one's reputation, we conclude that to be actionable defamatory words must be "of and concerning" the plaintiff or, directly or indirectly, cast a personal reflection on the plaintiff. In the present case, the broadcast complained of does not concern plaintiffs nor does it reflect on plaintiffs' reputations. Absent an ability to allege this essential element, plaintiffs do not have a cause of action for defamation of their deceased relative. (Citations omitted)
Id. at 791-792.
In Gugliuzza, the plaintiffs also asserted a separate cause of action for malicious infliction of mental anguish. The plaintiffs argued that, since defamation of the dead was prohibited by a criminal statute, the defendant directly owed them a duty to refrain from defaming their deceased relative. Again, the court denied plaintiffs a cause of action with the conclusion that "the [criminal] statute cannot be the basis for creating a separate cause of action for the malicious infliction of mental anguish resulting from defamation of the dead." Id. at 793.
In their brief, the Perez plaintiffs acknowledged the Gugliuzza holding that no cause of action is recognized for defamation of a dead relative. Nevertheless, they argued that their cause of action springs forth from La. Civ.Code art. 2315.6, titled "Liability for damages caused by injury to another," which reads in pertinent part:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
(1) The spouse, child or children, and grandchild or grandchildren of the injured person....
*296 We disagree with the Perez plaintiffs that the above statute grants them a cause of action. If a plaintiff, as in Gugliuzza, is denied a separate cause of action for infliction of mental anguish resulting from the defamation of a dead relative, then the Perez plaintiffs should likewise be denied a separate cause of action for mental distress in witnessing the defamation of a dead relative. Logically, we discern no real distinction between the Gugliuzza cause of action and what the Perez plaintiffs claim to be their cause of action.
Additionally, we would deny this claim based solely on the wording of Article 2315.6 which requires that the plaintiff view injury to another person. We agree with the fifth circuit holding that a "person" within the meaning of Article 2315.6 does not include one who has died prior to the injury. See: Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843, in which the fifth circuit held that Article 2315.6 is inapplicable to cases alleging mismanagement of the remains of a deceased relative. Since the Perez plaintiffs have not viewed an injury to a living person, they have no cause of action under Article 2315.6; the trial judge's granting of the exception of no cause of action was proper.
Appellants will pay costs.
AFFIRMED.