# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 12-550

**CYPRESS BEND INVESTMENTS, L.L.C.**

**VERSUS**

**LOUISIANA FIRST FINANCIAL GROUP, INC.**

**\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 236,785, DIVISION F
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

**REVERSED AND REMANDED.**

**Scott F. Higgins**
**Jeansonne & Remondet**
**Post Office Box 91530**
**Lafayette, Louisiana 70509**
**(337) 237-4370**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Louisiana First Financial Group, Inc.


**Brian K. Thompson**
**Jessica Firment**
**Law Offices of Brian K. Thompson, APLC**
**2915 Jackson Street**
**Alexandria, Louisiana 71301**
**(318) 473-0052**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    Cypress Bend Investments, L.L.C.

**GENOVESE, Judge.**

Defendant, Louisiana First Financial Group, Inc. (Louisiana First), appeals the granting of a motion for summary judgment in favor of Plaintiff, Cypress Bend Investments, L.L.C. (Cypress Bend), dismissing its reconventional demand for breach of contract. For the following reasons, we reverse the grant of summary judgment and remand this matter to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Cypress Bend hired Louisiana First to secure financing through the loan guarantee program known as the United States Department of Agriculture, Rural Development Association (USDA/RDA). Cypress Bend and Louisiana First signed an Agreement on February 15, 2008, which states, in pertinent part (emphasis added):

> This Agreement is made . . . by and between the following parties:
>
> CYPRESS BEND INVESTMENTS, LLC, represented herein by MONROE THOMPSON, MANAGING PARTNER, duly authorized by a resolution of the board of directors, hereinafter referred to as CLIENT.
>
> AND
>
> LOUISIANA FIRST FINANCIAL GROUP, INC., a recognized professional packaging firm, represented herein by GLENN D. CORTEZ, PRESIDENT, duly authorized by a resolution of the board of directors, hereinafter referred to as LOUISIANA FIRST.
>
> For the consideration hereinafter set forth, the parties hereto do hereby agree as follows:
>
> I.
>
> LOUISIANA FIRST does hereby agree to complete on behalf of CLIENT the published requirements set forth by the United States Department of Agriculture, Rural Development Administration, Business and Industry Loan Division, for the completion of a Loan Guarantee Application in the approximate amount of $4,000,000 as required for the issuance of a Loan Guarantee from RDA.

LOUISIANA FIRST further agrees to work with CLIENT to place the loan with a conventional servicing lender approved by the RDA and to provide CLIENT with such financial and other advisory services as it may request in conjunction with its $4,000,000 borrowing requirement.

This Agreement by LOUISIANA FIRST to complete a Loan Guarantee Application on behalf of CLIENT and provide advisory services is conditioned upon CLIENT providing LOUISIANA FIRST with all information required and necessary to complete such application within ninety days of the date of this contract.

## II.

CLIENT hereby agrees to pay a non-refundable retainer in the amount of $16,000.00 to LOUISIANA FIRST for LOUISIANA FIRST to start the application of the Loan Guarantee. The retainer is being paid to LOUISIANA FIRST as a partial payment for there [sic] time spent assembling the information for the package and working with the various lenders needed to fund the loan. All parties to this contract view the retainer as an "earned retainer." Said retainer shall be paid immediately upon execution of this Agreement[] and shall be credited against any fee paid to LOUISIANA FIRST.

CLIENT also agrees to pay LOUISIANA FIRST $64,000.00 for a packaging and placement fee for a Loan Guarantee in the principal amount outlined in Paragraph One (I) above. The packaging and placement fee shall be paid as follows:

One hundred percent (100%) shall be paid concurrently with the closing of the construction loan or the permanent loan, whichever should occur first. **Should[,] after acceptance of conditional commitment from RDA in writing by CLIENT, CLIENT decides not to close the loan[,] then one hundred (100%) percent of the balance of the packaging and placement fee will be owed to LOUISIANA FIRST**.

## III.

Should changes in the application after it is submitted to RDA be required as a result of a decision on the part of CLIENT, after the loan has been approved by the lender, LOUISIANA FIRST shall be paid for time spent making such changes resultant from the decision at a rate of $200 per hour plus travel expenses. This would include but not be limited to changes in use of loan proceeds, loan amount, collateral, and/or borrower. In the event the loan amount is changed, the total fee will adjust accordingly to equal a fee of 2% of the amount of the loan[,] less the retainer. In the event CLIENT accepts any other type of loan from one of LOUISIANA FIRST'S lenders other than a USDA guaranteed loan[,] the fee to LOUISIANA FIRST would be 2% of the loan amount less the retainer.

IV.

In the event LOUISIANA FIRST has to obtain an attorney to collect funds owed, CLIENT agrees to pay reasonable attorney fees as well as all costs incurred in connection with the collection of the amount due.

In November 2009, Cypress Bend, through its authorized managing partner, Monroe Thompson, filed a Petition for Declaratory Judgment against Louisiana First, through its agent, Glenn D. Cortez. Cypress Bend sought a judicial determination that it had not breached the aforementioned Agreement. Louisiana First answered with a reconventional demand for breach of contract and damages. Louisiana First and Cypress Bend filed cross motions for summary judgment respectively. At the conclusion of the arguments on the parties' cross motions, the trial court took the matter under advisement pending additional discovery. On February 2, 2012, the trial court entered and signed a judgment which denied Louisiana First's motion for summary judgment, granted summary judgment in favor of Cypress Bend, and dismissed Louisiana First's contractual claim for damages against Cypress Bend. It is from this judgment that Louisiana First appeals and, alternatively, seeks a supervisory writ.

### ASSIGNMENTS OF ERROR

Louisiana First asserts the trial court erred: (1) "in denying the Motion for Summary Judgment of [A]ppellant, Louisiana First[;]" and, (2) "in granting the Motion for Summary Judgment of [A]ppellee[], Cypress Bend." Though Louisiana First seeks a judgment on appeal granting its summary judgment against Cypress Bend, that issue is not properly before this court. Louisiana First may not appeal the denial of its motion for summary judgment against Cypress Bend. It is an interlocutory judgment and is, therefore, not appealable. *See* La.Code Civ.P. art. 968; La.Code Civ.P. art. 1915; *Broussard v. Hertz Equip. Rental Corp.*, 09-177 (La.App. 3 Cir. 12/16/09), 27 So.3d 341. However, Louisiana First is given thirty

days from the release of this opinion to apply for supervisory writs to address the trial court's denial of its summary judgment.

## LAW AND ANALYSIS

We are called upon to determine if the trial court's grant of Cypress Bend's motion for summary judgment was correct. In the case of *Jagneaux v. Frohn*, 11-461, pp. 2-3 (La.App. 3 Cir. 10/5/11), 74 So.3d 309, 310-11, this court discussed the standard of review and the law applicable to motions for summary judgment as follows:

> Our Louisiana Supreme Court has instructed us on the standard of review relative to motions for summary judgment as follows:
>
> > A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, [06-363 (La.11/29/06)], 950 So.2d 544, [*see* La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, [06-1181 (La.3/9/07)], 951 So.2d 1058[]; *King v. Parish National Bank*, [04-337 (La.10/19/04)], 885 So.2d 540, 545; *Jones v. Estate of Santiago*, [03-1424 (La.4/14/04)], 870 So.2d 1002[.]
>
> *Samaha v. Rau*, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83 (footnote omitted). Louisiana Code of Civil Procedure Article 966(C)(2) provides:
>
> > The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his

evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Gabriel v. Louisiana Organ Procurement Agency*, 10-251, p. 5 (La.App. 3 Cir. 10/6/10), 48 So.3d 1192, 1195, *writ denied*, 10-2515 (La.1/7/11), 52 So.3d 887.

Our supreme court has further instructed us as follows:

A "genuine issue" is a "triable issue." *Toups v. Hawkins*, 518 So.2d 1077, 1079 (La.App. 5th Cir.1987) (citing *Brown* [*v. B & G Crane Service, Inc.*, 172 So.2d 708, 710 (La.App. 4 Cir.1965)]). More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 481 (1983). In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Simon v. Fasig-Tipton Co. of New York*, 524 So.2d 788, 791 (La.App. 3d Cir.), *writs denied*, 525 So.2d 1048, 1049 (La.1988); *Pace v. Zilka*, 484 So.2d 771 (La.App. 1st Cir.), *writ denied*, 488 So.2d 691 (La.1986); *Mecom v. Mobil Oil Corp.*, 299 So.2d 380, 386 (La.App. 3d Cir.),*writ denied*, 302 So.2d 308 (La.1974). "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact." *Brown*, 172 So.2d at 710; *Sally Beauty Co. v. Barney*, 442 So.2d 820, 822 (La.App. 4th Cir.1983).

A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Penalber v. Blount*, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *South Louisiana Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3d Cir.1991), *writs denied*, 596 So.2d 211 (La.1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Sassone v. Elder*, 626 So.2d 345, 352 (La.1993); *Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co.*, 427 So.2d 1152, 1153-54 (La.1983) (collecting cases);

> *McCoy v. Physicians & Surgeons Hospital, Inc.*, 452
> So.2d 308, 310 (La.App. 2d Cir.),*writ denied*, 457 So.2d
> 1194 (La.1984) (noting that "[s]ummary judgment may
> not be used as a substitute for trial").

*Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94),
639 So.2d 730, 751.

Louisiana First contends it fulfilled its obligations pursuant to the Agreement in that: (1) it completed a Loan Guarantee Application in the amount of $4,014,000.00 on behalf of Cypress Bend; and, (2) on May 15, 2009, Cypress Bend received a Conditional Commitment from USDA/RDA pursuant to the Loan Guarantee Application completed by Louisiana First. On June 30, 2009, Cypress Bend's president or authorized managing partner, Mr. Thompson, and Ken Hughes, on behalf of Merchants and Farmers Bank and Trust Company (Merchants), signed an acceptance of the Conditional Commitment from USDA/RDA. At that point, Louisiana First, considering its contractual duties as having been fulfilled, sent Cypress Bend a bill in July 2009 for the remaining balance of $64,280.00 allegedly due under the terms of the Agreement.

In December 2009, Merchants withdrew from its commitment to fund Cypress Bend's loan. Cypress Bend contends that the $16,000.00 already paid to Louisiana First is all that is owed Louisiana First under the terms of the Agreement. According to Cypress Bend, through no fault of its own, the loan was not consummated. Cypress Bend asserts that it did not consummate the loan because, in December 2009, Merchants withdrew its offer to fund the loan. Cypress Bend argues that the Agreement provides they will owe the remaining balance only if it "decides not to close the loan" as per paragraph II of the Agreement.

Louisiana First argues that when Mr. Thompson signed the acceptance of the Conditional Commitment from USDA/RDA on June 30, 2009, he agreed to

complete certain conditions in order for Merchants to fund the loan; however, Mr. Thompson failed to complete those conditions, and Merchants withdrew its offer to fund the loan.

In the summary judgment rendered in the instant case, the trial court reached certain conclusions of law and material fact. First, the trial court concluded that Cypress Bend and Mr. Thompson were not responsible for the offer to fund the loan being rescinded by Merchants, and then, it made the factual finding that good faith had been proven to an extent that no genuine issue of material fact remained on that question. Second, the trial court determined that Cypress Bend did not owe Louisiana First pursuant to the terms of the Agreement.

In reaching those conclusions, the trial court relied heavily on the affidavit and deposition testimony of Mr. Thompson and Mr. Hughes. The record clearly indicates that the judicial determinations made by the trial court inherently call for credibility determinations and the weighing of testimony, which is prohibited in summary judgment proceedings.

Based on our de novo review, and considering the facts presented, we find the trial court's determination that summary judgment is appropriate to be legally erroneous as there are genuine issues of material fact. Therefore, the trial court's grant of summary judgment in favor of Cypress Bend is reversed, and the matter is remanded for further proceedings consistent herewith.

### DECREE

For the foregoing reasons, the judgment of the trial court granting the summary judgment filed by Cypress Bend Investments, L.L.C. is reversed. The matter is remanded to the trial court for further proceedings consistent herewith. Additionally, Louisiana First Financial Group, Inc. is allowed thirty days from the release of this opinion to seek supervisory writs relative to the trial court's denial

of its motion for summary judgment. Costs of this appeal are assessed against Cypress Bend Investments, L.L.C.

**REVERSED AND REMANDED.**