KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 24. To be clear, this Court granted the defendants’ petition for interlocutory appeal in part, “solely on the issues of (1) the recorded statement of Robert Powell and (2) the privilege log.” Powell v. McClain, 105 So.3d 808 (Miss.2012). By vacating the trial court’s order in toto, the majority opinion goes beyond the scope of our order granting interlocutory review. Because I would affirm the portion of the trial court’s order regarding the privilege log, I respectfully concur in part and dissent in part.
¶ 25. The majority holds that the trial court “erred by granting Plaintiffs motion to compel discovery without conducting an item-by-item analysis of each objection.” Maj. Op. ¶ 1. But, the trial court had ordered the defendants to (Emphasis added.) This language does not require the defendants to produce anything they claim to be beyond the scope of discovery. Instead, the trial court ordered the defendants to prepare a privilege log, in anticipation of the type of in camera review described by the majority opinion in this case. A party claiming documents are not discoverable on the basis of privilege or work product must make its objections with specificity, and sweeping and general assertions of privilege have been said to “border on the frivolous.” Roman Catholic Diocese of Jackson v. Morrison, 905 So.2d 1213, 1247 (Miss.2005). Recognizing that a privilege log lessens the trial judge’s burden by requiring counsel to fulfill his or her “professional responsibility” to offer good faith, specific objections, this Court has ordered a party to produce a privilege log on remand. Id. at 1247-48. We cannot hold the trial court in error for not “conducting an item-by-item analysis of each objection,” when he ordered a privilege log to elicit “item-by-item” objections. Maj. Op. ¶ 21.
Produce a privilege log identifying all documents withheld from production based upon your claim of medical privilege or relevance. The log should describe the withheld documents or other information specifically so that the Plaintiff can make an intelligent decision as to whether or not said document(s) or information should be pursued for an in-camera inspection by the Court.
¶ 26. Finally, the majority opinion’s admonition to the trial court regarding a defendant’s medical privilege is superfluous given that the defendants have not been ordered to produce any medical records. There is no reason for us to suspect that the trial judge is unaware of this well-known privilege, and there is nothing in the record before us indicating that “medical records” related to some doctor-patient privilege of Powell’s are in dispute. I respectfully cannot concur in any suggestion that drug and alcohol testing as a condition of employment are subject to some medical privilege, especially when these records are not before us for review. Because I would affirm the trial judge’s order regarding the privilege log, without any analysis of the doctor-patient privi *317 lege, I respectfully concur in part and dissent in part.
CHANDLER AND KING, JJ„ JOIN THIS OPINION.