# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 22-775


**DERRICK GABRIEL, ET AL.**

**VERSUS**

**LOUISIANA ORGAN PROCUREMENT AGENCY, ET AL.**



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2007-1411
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Sharon Darville Wilson, Judges.


**REVERSED.**

**R. Scott Iles**
**Attorney at Law**
**P.O. Box 3385**
**Lafayette, LA 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
      **Derrick Gabriel**
      **Patrick Gabriel**
      **Patrick Gabriel obo Mable Gabriel (deceased)**
      **Derrick Gabriel obo Mable Gabriel (deceased)**

**Hon Jeff Landry**
**Attorney General**
**J. Marc Vezina**
**Kelli M. Khalaf**
**Special Assistant Attorneys General**
**Vezina & Gattuso, LLC**
**P.O. Box 461**
**Gretna, LA 70054**
**(504) 368-5223**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Dr. Thiagarajan Ramcharan**

**GREMILLION, Judge.**

Plaintiffs/appellants, Derrick Gabriel and Patrick Gabriel, appeal the judgment of the trial court maintaining the exception of no cause of action filed by defendant/appellee, Dr. Thiagarajan Ramcharan. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL BACKGROUND

The essential facts of the claim underlying this matter are stated in *Gabriel v. Louisiana Organ Procurement Agency*, 10-251, pp. 1-2 (La.App. 3 Cir. 10/6/10), 48 So.3d 1192, 1193, *writ denied*, 10-2515 (La. 1/7/11), 52 So.3d 887 (alterations in original)(footnotes omitted):

> On January 5, 2006, Mabel Gabriel (Ms. Gabriel) was admitted to Lafayette General Medical Center (LGMC) in Lafayette, Louisiana, where it was determined that she was suffering from a massive cerebral hemorrhage. Ms. Gabriel became comatose, was placed on a respirator, and was declared brain-dead. Ms. Gabriel's family then made the decision to donate her organs. Said donations were effectuated through [the Louisiana Organ Procurement Agency (LOPA)].
>
> According to Plaintiffs' Petition for Damages filed on March 20, 2007, against LOPA and Dr. Thiagarajan Ramcharan, "[i]n the process of organ harvest, the employees, agents[,] and actors on behalf of LOPA[,] spilled caustic substances onto Ms. Gabriel's body causing disfiguring injuries to her body." Pursuant to La.Civ.Code art. 2315.6, Plaintiffs' suit alleged that the "[d]amages sustained ... include mental anguish associated with seeing their [m]other in a disfigured fashion, as well as having to conduct a funeral with a closed casket thereby not being able to properly experience the grieving process with the loss of their [m]other."

In *Gabriel*, this court affirmed the motion for summary judgment filed by LOPA that established that Dr. Ramcharan was not its employee.

On May 11, 2022, Dr. Ramcharan filed: a motion for summary judgment, asserting that an organ procurer is immunized from damages for cosmetic injury to

a corpse pursuant to La.R.S. 17:2354.6(A)[1] and by the organ procurement contract plaintiffs signed; an exception of prescription asserting that prescription began to run from the day of the incident; and an exception of no cause of action, in which Dr. Ramcharan argued that plaintiffs' claims arose under La.Civ.Code art. 2315.6,[2] and such claims do not encompass injury to a corpse.

Dr. Ramcharan's motion and exceptions were heard on August 1, 2022. The trial court denied the doctor's exception of prescription but maintained the exception of no cause of action. The trial court granted the exception of no cause of action based upon the contents of the LOPA consent form, which provided that disfigurement of the corpse may occur in the organ-harvesting procedure. The trial court found that the motion for summary judgment was rendered moot by its ruling on the exception of no cause of action. Plaintiffs perfected the present appeal. No answer to the appeal was filed.

---

[1] "A person acting in good faith in accordance with this Part [the Anatomical Gift Act, La.R.S. 17:2351 thru 2359] or with the applicable anatomical gift law of another state, shall not be liable in a civil action, criminal prosecution, or administrative proceeding for any loss or damage caused by any act or omission."

[2] A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:

(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.

(2) The father and mother of the injured person, or either of them.

(3) The brothers and sisters of the injured person or any of them.

(4) The grandfather and grandmother of the injured person, or either of them.

B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant's position to suffer serious mental anguish or emotional distress from the experience, and the claimant's mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.

2

**ANALYSIS AND DISCUSSION**

The sole assignment of error in this case asserts that the trial court erred in maintaining the exception of no cause of action. The exception of no cause of action tests "the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading." *Crooks v. Dep't of Nat. Res.*, 19-160, p. 16 (La. 1/29/20), 340 So.3d 574, 585. The burden of proof lies with the exceptor, and all reasonable inferences are made in favor of the petitioner. *Id.* Importantly, no evidence is admitted on an exception of no cause of action. La.Code Civ.P. art. 931. Whether a petition states a cause of action presents a question of law that is reviewed de novo on appeal. *Foti v. Holliday*, 09-93 (La. 10/30/09), 27 So.3d 813. When exhibits are attached to a party's petition, those exhibits must be considered on an exception of no cause of action. *Hoffpauir v. Bankers Life & Cas. Co.*, 328 So.2d 409 (La.App. 3 Cir. 1976). The organ procurement contract appellants signed was not attached as an exhibit to their original or amending petitions.

The Gabriels' petition alleges that at the time she was admitted to Lafayette General, their mother was "considered brain-dead." Louisiana law defines "death." Louisiana Revised Statutes 9:111(A) provides, in relevant part:

> A person will be considered dead if in the announced opinion of a physician, duly licensed in the state of Louisiana based on ordinary standards of approved medical practice, the person has experienced an irreversible cessation of spontaneous respiratory and circulatory functions. In the event that artificial means of support preclude a determination that these functions have ceased, a person will be considered dead if in the announced opinion of a physician, duly licensed in the state of Louisiana based upon ordinary standards of approved medical practice, the person has experienced an irreversible total cessation of brain function. Death will have occurred at the time when the relevant functions ceased.

We cannot find, nor have we been directed to, any reasonable inference that would preclude the conclusion that Mrs. Gabriel was dead as defined in La.R.S. 9:111.

That leaves the court to determine whether La.Civ.Code art. 2315.6 applies to people who witness injury to a corpse.

*Perez v. McCormick & Co.*, 97-17 (La.App. 3 Cir. 4/30/97), 693 So.2d 294, cited by Dr. Ramcharan, involved a suit by plaintiffs against the publisher of the Alexandria *Town Talk* for defamation of their deceased mother. The plaintiffs argued therein that their defamation suit arose pursuant to La.Civ.Code art. 2315.6. This court stated:

> Additionally, we would deny this claim based solely on the wording of Article 2315.6 which requires that the plaintiff view injury to another *person.* We agree with the fifth circuit holding that a "person" within the meaning of Article 2315.6 does not include one who has died prior to the injury. *See: Dufour v. Westlawn Cemeteries, Inc.,* 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843, in which the fifth circuit held that Article 2315.6 is inapplicable to cases alleging mismanagement of the remains of a deceased relative. Since the Perez plaintiffs have not viewed an injury to a living person, they have no cause of action under Article 2315.6; the trial judge's granting of the exception of no cause of action was proper.

*Id*. at 296.

*Dufour*, 639 So.2d 843, involved the discovery of the improperly interred remains of the plaintiffs' mother as the plaintiffs' brother was being laid to rest.[3] The plaintiffs asserted both a bystander recovery claim and a claim for abuse of rights, i.e., the right of a cemetery to move the remains of a deceased, but only with the consent of a living relative. *See* La.R.S. 8:659. The fifth circuit found that La.Civ.Code art. 2315.6 neither "shows an intent to include dead bodies within its ambit, *or to dispense with prior caselaw providing for a cause of action to family members for the emotional distress related to the handling of the remains of a deceased family member.*" *Dufour*, 639 So.2d at 847 (emphasis added).

---

[3] Specifically, plaintiffs alleged that they saw their mother's body wrapped in plastic, not in a casket, and lying in a pool of water.

The first and fourth circuits have recognized the principle that family members have causes of action for the mishandling of a relative's corpse. *See Blanchard v. Brawley*, 75 So.2d 891 (La.App. 1 Cir. 1954); *Burton v. City of New Orleans*, 464 So.2d 943 (La.App 4 Cir. 1985). We endorse our colleagues' holdings. A distinct cause of action, separate from any pursuant to La.Civ.Code art. 2315.6, exists in favor of immediate family members for disfigurement, desecration, or damage to another family member's remains.

Louisiana Revised Statutes 17:2354.6(A) immunizes qualified individuals from civil, criminal, and administrative action from loss or damage caused by an act or omission when those individuals act in good faith. We note that La.R.S. 17:2354.6 was enacted by 2010 La. Acts No. 937, § 2. Its effective date was July 1, 2010, and the act did not provide for retroactive application.

## CONCLUSION

Our review of this matter is limited to the allegations contained in appellants' petition and amended petition. That is the scope of review in any case involving an exception of no cause of action. The evidence presented in Dr. Ramcharan's motion for summary judgment cannot be considered. Whether plaintiffs consented to the potential disfigurement of their mother's corpse does not enter into the equation. We and the trial court are limited to the question of whether plaintiffs have alleged facts which, if proven at trial, would entitle them to relief. We find that plaintiffs have stated a cause of action. The judgment of the trial court is reversed. All costs of this appeal, in the amount of $1,083.27, are taxed to defendant/appellee, Dr. Thiagarajan Ramcharan.

**REVERSED.**

5